**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5276**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DETRICK MANDINAS MARTIN,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:09-cr-01330-GRA-1)

Submitted:  July 29, 2011                  Decided:  August 10, 2011

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Detrick Mandinas Martin pled guilty, without a plea agreement, to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to a term of eighty-four months' imprisonment, the bottom of the advisory Guidelines range. Martin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous issues for appeal but questioning whether the district court correctly assessed criminal history points and adequately explained the chosen sentence. Martin has filed pro se supplemental briefs.[*] Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 575 (4th Cir. 2010). We begin by reviewing the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.]

---

[*] In addition to reiterating the issues raised by counsel, Martin asserts that the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(B) (2009). We have considered Martin's challenge to the application of this enhancement and conclude that it is without merit.

§ 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). This court next assesses the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Where, as here, a defendant's sentence falls within the Guidelines range, the district court's decision enjoys a presumption of reasonableness. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

With these standards in mind, we have reviewed the sentencing proceedings and conclude that the district court committed no procedural error. The court properly determined that Martin's felony drug offenses were counted separately for criminal history purposes, see USSG § 4A1.2(a)(2), and the court's explanation, though brief, was based upon the facts of the case before the court. See Carter, 564 at 330. Finally, Martin fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. Thus, the district court did not abuse its discretion in imposing an eighty-four-month sentence.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>